**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerardo AVINA–MARTINEZ,
Defendant–Appellant.**

No. 09–10349.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 2010.*

Filed July 21, 2010.

Amber Sax Rosen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Joyce Leavitt, Esquire, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Oakland, CA, for Defendant–Appellant.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM **

Gerardo Avina–Martinez appeals from the 37–month sentence imposed following his guilty-plea conviction for being a deported alien found in United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Avina–Martinez contends the district court procedurally erred by failing to discuss and apply the 18 U.S.C. § 3553(a) sentencing factors and by treating the advisory Guidelines as the presumptive sentencing range. The record indicates that the district court considered Avina–Martinez's arguments, properly applied the sentencing factors, and did not give undue weight to the advisory Guidelines sentencing range. *See Rita v. United States,* 551 U.S. 338, 356–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 991–92, 995 (9th Cir.2008) (en banc).

■ Avina–Martinez further argues that his sentence is substantively unreasonable because it fails to reflect that he reentered and stayed due to a family tragedy that left him with diminished capacity; his criminal history is overstated; and the 12–level sentencing enhancement was triggered by an anomalous and old narcotics conviction. The record reflects that under the totality of the circumstances, including the section 3553(a) factors, Avina–Martinez's bottom-of-the Guidelines sentence is reasonable. *See Carty,* 520 F.3d at 993; *cf. United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1055–56 (9th Cir.2009).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**